UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: PRESTON SERRANO, JR., a/k/a           No. 7-08-12723 MA
PRES SERRANO, JR., a/k/a PRESENTACION
SERRANO, JR., a/k/a PRES SERRANO, and
LILLIAN M. SERRANO,

Debtors.

## ORDER DENYING DEBTORS' MOTION TO REOPEN DEBTORS' BANKRUPTCY CONCERNING THE COURT'S ORDER DENYING DEBTORS' MOTION TO AVOID JUDICIAL LIENS

THIS MATTER is before the Court on Debtors' Motion to Reopen Debtors' Bankruptcy Concerning the Court's Order Denying Debtors' Motion to Avoid Judicial Liens ("Motion"). Debtors seek to reopen their bankruptcy case for the purpose of requesting the court to reconsider its Order Denying Debtors' Motion to Avoid Judicial Liens entered December 5, 2008 ("Order"). Debtors seek to avoid a judicial lien filed by Creditor Theresa Hatcher in Nevada ("Hatcher Judgment"). Theresa Hatcher filed an objection to the Motion. *See* Docket # 26.

Debtors no longer own any property in Nevada and have not declared a homestead exemption in any property located in Nevada. As previously determined by the Court in its Order, the Debtors are not entitled to avoid the Hatcher Judgment under 11 U.S.C. § 522(f) as a judicial lien that impairs an exemption to which the Debtors are otherwise entitled. Debtors listed the claim of Theresa Hatcher on Schedule C filed in this bankruptcy proceeding. The Debtors received a discharge on November 24, 2008. Consequently the debt represented by the Hatcher Judgment was discharged through the Debtors' bankruptcy. The Hatcher Judgment, recorded in Nevada, does not attach to any property the Debtors may acquire in Nevada in the

1

future.[1]

        WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

                                              /s/ Mark B. McFeeley
                                        MARK B. McFEELEY
                                        United States Bankruptcy Judge

Date entered on docket: January 21, 2009

COPY TO:

Erenio Gutierrez, Jr
Attorney for Debtors
PO Box 35278
Albuquerque, NM 87176-5278

Theresa Hatcher
1717 Ferrell Street
Las Vegas, NV 89106

---

[1] *See* 11 U.S.C. § 524(a)(1) ("A discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . ."); *In re Norvell,* 198 B.R. 697, 699 (Bankr.W.D.Ky. 1996)("A judgment lien will not attach to any real estate acquired by the debtor after the filing of a Chapter 7 bankruptcy proceeding in which the debtor received a discharge."); *In re Locust,* 2005 WL 1288616, *1 n.1 (Bankr.M.D.N.C. 2005)(unreported)(noting that even though the debtor was not entitled to avoid the lien under § 522(f), § 524 relieves the debtor from the judgment. "Once the judgment is voided under § 524 it cannot thereafter affix to or become a lien against . . . other real property acquired by the Debtor in the future.")(citing *In re Ogburn,* 212 B.R. 984 (Bankr.M.D.Ala. 1995) and *Norvell,* 198 B.R. at 699).

2